UNITED STATES of America

v.

Wilbur CARTER, Appellant.

No. 17962.

United States Court of Appeals Third Circuit.

Argued Sept. 30, 1969.

Decided Oct. 21, 1969.

Thomas F. Gilson, Halbert, Kanter, Hirschhorn & Gilson, Philadelphia, Pa., for appellant.

Anthony F. List, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before STALEY, SEITZ, and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from a jury conviction on three counts of aiding and abetting in the commission of a bank robbery, 18 U.S.C. §§ 2 and 2113(a), (b) and (d).

Appellant, tried separately, was convicted on the basis of the testimony of one of his accomplices, Harris, who testified that appellant was to be the "wheel man"[1] in the planned robbery, and the testimony of two other persons as to certain admissions made by appellant during his confinement awaiting trial.

Appellant claims the trial court erred in sustaining a Government plea of surprise and permitting the Assistant United States Attorney, over objection, to cross-examine Government witness Harris.

Appellant further maintains that Harris' testimony implicating appellant in the robbery, given subsequent to the plea of surprise, was inadmissible as substantive evidence since it was allegedly adduced on cross-examination for the purpose of impeachment. Therefore, appellant asserts, the Government failed to prove a corpus delicti, thus rendering inadmissible the evidence of appellant's admissions testified to by other witnesses.

Finally, appellant claims that even if Harris' testimony may properly be considered as substantive evidence, it was insufficient to show that appellant had any knowledge of the robbery plans and, therefore, the trial judge should have granted the motion for a verdict of acquittal.

For the reasons indicated below, we find no merit in these contentions and we affirm the conviction.[2]

■ We recently stated that in order for the Government properly to claim surprise, two elements must be present: (1) the witness' testimony * * * [must be] contrary to that which had been anticipated and (2) * * * the testimony * * * [must be] actually injurious to the Government's case. United States v. Miles, 413 F.2d 34, 37 (3d Cir. 1969).

■ While we have some doubt that in the instant case Harris' testimony prior to the claim of surprise had worked any affirmative injury to the Government's case,[3] under the circumstances here it is not necessary to decide whether any such injury occurred.

Even assuming the ruling on surprise to have been erroneous, we find that appellant was in no way prejudiced thereby as no impeachment of Harris was actually attempted by the Government after it received permission to do so.[4]

■■ Impeachment, as that term is relevant to the instant case, is the use of a witness' prior inconsistent statements to attack his credibility and to cast doubt on the testimony he has given.[5] Generally such inconsistent statements,

---

1. A "wheel man" is the driver of the getaway car. Since Harris and his accomplices were apprehended before they could leave the bank, appellant's planned role in the robbery was not carried out. Appellant, who had been waiting outside the bank, was arrested at a later time, apparently on information furnished by Harris. Appendix (App.) 36A.

2. For the opinion of the district court, see 295 F.Supp. 863 (E.D.Pa.1969).

3. *See* United States v. Miles, *supra* at 38. Harris' testimony prior to the ruling of surprise could be fairly characterized as evasive. (App. 9A–15A.) Indeed, the

trial judge so stated during a sidebar conference. (App. 21A.) On the other hand, a reading of Harris' entire testimony indicates that he may simply not have understood the thrust of the United States Attorney's earlier questions, as the testimony given before the ruling of surprise is in no way inconsistent with the testimony in which Harris implicated appellant in the robbery, given after the ruling of surprise.

4. 295 F.Supp. at 864.

5. *See* 2 Conrad, Modern Trial Evidence (1956) § 1135; McCormick, Evidence (1954) § 38.

whether shown by extrinsic evidence or used on cross-examination, may not be considered by the jury as substantive evidence of the truth of their contents but go only to the credibility of the witness' in-court testimony.[6]

A careful examination of the record reveals that no use was made by the Government of any inconsistent statement. Indeed, there was virtually no cross-examination even though the judge had ruled it permissible.[7]

■ The ruling of surprise was made out of the presence of the jury and of witness Harris after he had given several apparently evasive answers. When the Government resumed questioning, it became apparent he was not in fact hostile and that he would testify for the Government as previously anticipated. Virtually all questions put to Harris by the United States Attorney thereafter were proper as on direct examination. Thus, the jury, which was unaware of the judge's ruling of surprise, could not have been misled into considering impeachment evidence as substantive evidence for the simple reason that no impeachment evidence was presented.[8]

■ Appellant's claim that Harris' testimony, even if properly admitted as substantive evidence, was insufficient to show that appellant had knowledge of the robbery plans is contrary to the record. Harris' testimony contains numerous passages indicating appellant's prior knowledge of the robbery. Trial Transcript 132–134, 136, 139–140. This testimony, coupled with that of the other witnesses, was sufficient to sustain the trial judge's refusal to grant a verdict of acquittal.

The judgment of the district court will be affirmed.

---

6. This rule has been much criticized. *See* United States v. Miles, 413 F.2d 34, 38 n. 3 (3d Cir. 1969) ; United States v. Schwartz, 390 F.2d 1, 4 (3d Cir. 1968). See also note 8, *infra.* No question as to its validity is presented here, however. Although accurately stated by appellant, the rule is irrelevant in the circumstances of this case.

7. Although a few leading questions were asked, it is apparent from a reading of the record that their effect was insignificant and that appellant was not prejudiced in any way. The district court said:
   A careful review of the record * * * reveals that there was, in fact, no impeachment at all of the witness. What followed was an examination generally permissible on direct; * * *. 295 F.Supp. at 864.

8. In has been stated that where "a prior inconsistent statement * * * [is]

used in the examination of the recalcitrant or hostile witness, with the witness finally affirming the truthfulness and correctness of the statement, rather than the initial, oral Court testimony * * * the statement is effectually embraced by the witness, becomes a part of his oath-supported court-given testimony subject to cross-examination, and is therefore not hearsay." The prior statement is then no longer limited to use on the issue of credibility, but is admissible as substantive evidence for all purposes. Slade v. United States, 267 F.2d 834, 838–839 (5th Cir. 1969). *A fortiori,* therefore, in the instant case, where no prior statement was used at all, and, though the United States Attorney was allowed to cross-examine, the testimony favorable to the Government was given in response to questions proper for direct examination, under oath and subject to cross-examination by appellant, such testimony could properly be considered by the jury as substantive evidence.